UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHILLIP G. BARRY,

                                    Appellant,

                    v.

THOMAS PERKINS and SALLY PERKINS,

                                    Appellees.

---

**MEMORANDUM AND ORDER**

20-CV-05050 (LDH)

LASHANN DEARCY HALL, United States District Judge:

Phillip G. Barry ("Appellant"), proceeding pro se, appeals the bankruptcy court's order, dated October 1, 2020, in adversary proceeding No. 16-01135, which granted the motion to dismiss filed by Thomas Perkins and Sally Perkins ("Appellees").[1]

**BACKGROUND[2]**

Appellant, the debtor in bankruptcy action *In re Philip G. Barry*, No. 08-bk-47352 (Bankr. E.D.N.Y.) (the "Bankruptcy Proceeding"), is currently incarcerated at Fort Dix Federal Correctional Institute.  (Adv. Proc. Compl. ("Compl.") at R16, R41.[3])  Appellant has been incarcerated since November 17, 2010, when he was remanded to custody following a guilty

---

[1] The court entertained Appellees' motion in two parts.  The October 1, 2020 order represented the Court's decision as to the second part.

[2] The following facts, taken from the complaint and documents incorporated by reference therein, are assumed to be true for the purposes of this memorandum and order.  In recounting the procedural history, the Court takes judicial notice of court filings relevant to issues addressed herein.  *Hotel Emps. & Rest. Emps. Union, Loc. 100 of New York, N.Y. & Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 540 (2d Cir. 2002) (taking judicial notice of public documents for first time on appeal).

[3] Citations to the record are preceded by an "R" and refer to the record filed with this Court at ECF No. 2.

verdict at trial.  *See* Minute Entry for Jury Trial, *USA v. Barry*, No. 9-cr-833 (Nov. 17, 2010)

(E.D.N.Y.), ECF No. 124.  Appellees, secured creditors in the Bankruptcy Proceeding, were

mortgagees to a mortgage signed by Appellant on May 19, 2006, securing the premises located

at 8126 Fifth Avenue, Brooklyn, New York[4] (the "Premises"), of which Appellant was the

owner of record.  (*Id.* at R17.)  Appellant previously operated various businesses, including

Barry Publications, out of a portion of the Premises.  (*Id.*)  According to the complaint, the

Premises contained inventory, equipment, furniture, customer lists, and other personal property

related to Appellant's businesses.  (*Id.* at R19.)

On October 31, 2008, prior to his incarceration, Appellant filed an individual voluntary

petition for bankruptcy protection under Chapter 11 of the United States Code.  (*Id.* at R17.)  On

January 28, 2009, Alan Nisselson (the "Trustee") was appointed as the Chapter 11 trustee of the

debtor's estate pursuant to U.S.C. § 1104.  (*Id.*)  Upon motion of the Trustee, the Court entered

an order on December 15, 2009, converting the bankruptcy to a Chapter 7 proceeding.  (*Id.*)

Nisselson was re-appointed as the Chapter 7 trustee.  (*Id.*)  On April 22, 2010, the Trustee filed a

notice of proposed abandonment of the Premises.  (*Id.* at R18; Notice of Abandonment, R162–

63.)  No objections were filed in response to that notice and, pursuant to Bankruptcy Code § 554,

Bankruptcy Rule 6007(a), and Local Bankruptcy Rule 6007-1, the Trustee's abandonment of the

Premises became effective on May 19, 2010.  (Compl. at R18.)  On November 9, 2010, the

---

[4]  This property is also known as "477 82nd Street, Brooklyn, New York."  (Compl. at R18; *see also* Appellees'
Mem. at R82.)

bankruptcy court so ordered Appellant's voluntary waiver of discharge.  (Stip. and Order Waiving Debtor's Discharge and Dismissing Adv. Proc. with Prejudice, R160–61.)

On January 19, 2012, Appellees moved the bankruptcy court for relief from the automatic stay, which, if granted, would have permitted Appellees to commence foreclosure proceedings in connection with the Premises.  (Compl. at R18 (incorrectly identifying date as January 29, 2012); Appellees' Mot. for Relief from Stay, BK[5] ECF No. 368.)  On January 20, 2012, the Trustee filed a response to that motion, stating that he had thoroughly investigated the value of the Premises, determined that it was encumbered by a mortgage and tax liens in an amount in excess of the value of the property, and found it was therefore burdensome to the estate.  (Resp. of Ch. 7 Tr. to Appellees' Mot. for Relief from Stay ("Tr.'s Resp.") at ¶ 5, BK ECF No. 371; *see also* Compl. at R18.)  The Trustee also referred the bankruptcy court to the notice of abandonment of the Premises filed on April 22, 2010.  (*See* Tr.'s Resp. ¶¶ 6–10.)  On January 31, 2012, the bankruptcy court issued an order stating, "[t]he property listed in the [m]otion [for relief from the automatic stay] has been abandoned by the Trustee.  Therefore the [m]otion is moot and no relief is necessary."  (Bankruptcy Order, R165; BK ECF No. 373; *see also* Compl. at R18.)

On August 9, 2012, Appellees initiated foreclosure proceedings in New York state court, seeking foreclosure of the Premises and monetary damages from Appellant for any debt that would remain unsatisfied after the foreclosure sale (the "Foreclosure Action").  (Compl. at R23.)  Appellant filed an answer to the state court complaint, alleging, as affirmative defenses or

---

[5]  Docket citations preceded by "BK" refer to filings on the docket in the Bankruptcy Proceeding.

counterclaims, inter alia, that Appellees (i) trespassed upon the Premises, (ii) caused or permitted the change or destruction of locks at the Premises, (iii) prevented access to the Premises by Appellant, his agents, and his employees, (iv) caused the termination of Appellant's business, (v) illegally denied Appellant access to the inventory, equipment, supplies, and records necessary for the functioning of the business, and (vi) illegally converted, disposed of, or sold personal property, including:

> [b]usiness inventory, equipment, furniture, safes with contents, fixtures, computers, supplies, records, clothing, shoes, keys, collectibles, sound and video recordings, numismatic and philatelic items, cash, postage stamps, family mememtos [sic] and heirlooms, photographs and other irreplaceable items of sentimental value, as well as incoming United States [m]ail addressed to [Appellant] and his business entities.

(Compl. at R26–27.)  Appellant also alleged that Appellees exercised and maintained unlawful dominion over Appellant's records and documents, including those necessary to defend against the Foreclosure Action.  (*Id.* at R27.)

On November 8, 2013, a final decree was entered in the Bankruptcy Proceeding and it was closed accordingly.  (Final Decree, R166.)  On September 23, 2014, a Judgment of Foreclosure and Sale of the Premises was entered in the Foreclosure Action *Thomas Perkins et al v. Philip Barry et al*, Index No. 16411/2012 (N.Y. Sup. Ct.).  (Compl. at R24; Decl. of Thomas Perkins Supp. Mot. Dismiss Adv. Proc. ("Perkins Decl."), Ex. K at R199–206.)  Appellees acquired the Premises through a foreclosure sale on December 10, 2015.  (Compl. at R24.)  Several months later, on February 18, 2016, Appellees moved for a deficiency judgment in the Foreclosure Action against Appellant in the amount of $1,176,871.60.  (*Id.* at R24.)  By order

4

dated May 5, 2016, Appellees' request was granted and the deficiency judgment was entered. (*Id.* at R25; Perkins Decl., Ex. M, R219–21.)

Over two years after the Bankruptcy Proceeding was closed, on July 27, 2016, Appellant filed an adversary proceeding in bankruptcy court against Appellees (the "Adversary Proceeding"). (Compl. at R15.) The allegations in the Adversary Proceeding mirror Appellant's counterclaims or affirmative defenses in the Foreclosure Action in many respects. (*See generally id.*) In the Adversary Proceeding, Appellant alleged that sometime between June 2011 and January 2013, Appellee Thomas Perkins changed the locks to the Premises and did not provide the Trustee, Appellant, or any of Appellant's agents with a copy of the keys, thus preventing Appellant's employees from accessing the Premises. (*Id.* at R19.) This conduct caused the termination of Barry Publications' business operations. (*Id.* at R20.) During this period, Appellee Thomas Perkins also sold, destroyed, or otherwise disposed of personal property of the bankruptcy estate located in the Premises, including over forty thousand sound and video recordings, books, collectibles, numismatic and philatelic items, precious metals, semi-precious stones, business records, legal records relating to the bankruptcy and other proceedings, financial records, as well as various business equipment, electronics, fixtures, appliances, furniture, attire, kitchenware, and items of sentimental value (the "Personal Property"). (*Id.* at R21–22.) Thomas Perkins disposed of this Personal Property, at least in part, during the pendency of the Bankruptcy Proceeding. (*See id.* at R30–31.) As relief, Appellant sought to vacate the state court judgments, monetary damages relating to the improper disposal of Personal Property,

recovery of money and property of the bankruptcy estate, monetary damages under 11 U.S.C. § 362(k), and injunctive relief with respect to property of the bankruptcy estate. (*See id.* at R15.)

Appellees answered the complaint on September 9, 2016. (Answer, R76–78.) Subsequently, on March 10, 2017, Appellees moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint. (Mot. Dismiss Adv. Proc., R81–93.) On April 14, 2017, the bankruptcy court granted the motion in part, dismissing the claims insofar as Appellant sought to vacate the deficiency judgment and judgment of foreclosure and sale and adjourning argument on claims related to the Personal Property. (Order Granting Mot. Dismiss in Part and Adjourning in Part, R245–46.) That decision was affirmed on appeal by the district court.[6] *See Barry v. Perkins*, No. 17-CV-3078, 2019 WL 1232086, at *5 (E.D.N.Y. Mar. 15, 2019). Appellant appealed. The Second Circuit dismissed his appeal and certiorari was denied. *See In re Barry*, No. 19-950, 2019 WL 8403144 (2d Cir. Sept. 11, 2019) (appeal dismissed), *cert. denied sub nom. Barry v. Perkins*, 140 S. Ct. 2680 (2020). On May 11, 2017, the bankruptcy court heard argument on the motion to dismiss the claims concerning the Personal Property (*see* May 11, 2017 Tr., R249–88) and, on October 1, 2020, issued a ruling granting the balance of Appellees' motion (*see* Oct. 1, 2020 Tr., R370–81.). Thereafter, on October 7, 2020, the bankruptcy court entered an order dismissing the Adversary Proceeding in its entirety. (*See* Order Granting Balance of Mot. Dismiss, R384–85.)

---

[6] Although the motion was raised pursuant to Rule 12(b)(6), the bankruptcy court construed the motion as brought under Rule 12(b)(1) based on the movants' arguments and dismissed the claims relating to the Premises on those grounds. Accordingly, the district court affirmed the dismissal pursuant to Rule 12(b)(1).

On October 19, 2020, Appellant appealed the decision to this Court.  (*See* Not. of Appeal, R387.)

## STANDARD OF REVIEW

District courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges."  28 U.S.C. § 158(a)(1).  "An order dismissing an adversarial proceeding is a final, appealable order."  *Fetman v. Musso*, No. 20-CV-110, 2021 WL 736415, at *4 (E.D.N.Y. Feb. 25, 2021).  On appeal, the bankruptcy court's findings of fact are reviewed for clear error.  *See In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (citation omitted).  A bankruptcy court's conclusions of law are reviewed de novo.  *See In re Hyman*, 502 F.3d at 65.  As such, "[t]he district court need not limit its review to the arguments raised or relied upon in the decision below but may affirm on any ground that finds support in the record."  *Fetman*, 2021 WL 736415, at *4.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).[7]  *See*

---

[7]  The bankruptcy court should have construed Appellees' motion to dismiss for failure to state a claim as a Rule 12(c) motion for judgment on the pleadings because Appellees filed an answer to the complaint prior to moving to dismiss.  *See Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("[A] motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)."); *United States v. Pelt*, No. 11-CV-06156, 2013 WL 1173898, at *2 (E.D.N.Y. Mar. 18, 2013) ("Though the [d]efendant has styled her motion as a motion to dismiss under Rule 12(b), because the [d]efendant filed an answer before filing her motion to dismiss, the motion must be deemed a motion for

*Bank of New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings.").  "In each case, the court must 'accept[ ] as true the complaint's factual allegations and draw[ ] all inferences in the plaintiff's favor.'"  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (alterations in original) (quoting *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005)).  As with a motion to dismiss under Rule 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c) "must be decided solely on the pleadings before the court, in addition to any materials implicitly or explicitly incorporated by reference into those pleadings." *U.S. v. Certain Real Property and Premises Known as 44 Autumn Ave., Brooklyn, N.Y.*, 156 F.R.D. 26, 30 (E.D.N.Y. 1994).  "A complaint should not be dismissed on the pleadings unless it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Cleveland*, 448 F.3d at 521 (quoting *Sheppard*, 18 F.3d at 150).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*,

---

judgment on the pleadings pursuant to Rule 12(c).").  In any event, whether construed as arising under Rule 12(c) or Rule 12(b)(6), the standard is the same.  *See, e.g.*, *Patel*, 259 F.3d at 126.

521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

By order dated October 7, 2020, the bankruptcy court granted Appellees' Rule 12(b)(6) motion, dismissing Appellant's claims for the improper destruction of Personal Property and for damages under 11 U.S.C. § 362(k) based on a violation of the automatic stay.  (*See* Order Granting Balance of Mot. Dismiss, R384–85; Oct. 1, 2020 Tr. at R377–78.)  Specifically, the bankruptcy court determined that: (i) Appellant's claim as to the improper disposal of Personal Property was barred by the doctrine of res judicata (Oct. 1, 2020 Tr. at R375–76); (ii) the disposal of the Personal Property could not have violated the automatic stay, because there was no stay in effect as to Appellant after the bankruptcy court approved Appellant's waiver of discharge (*id.* at R376–77); (iii) Appellant lacked standing to allege a violation of the automatic stay as to the bankruptcy estate (*id.* at R377); (iv) even if Appellant had standing, the trustee explicitly gave Appellees permission, via email, to dispose of the Personal Property (*id.* at R377–78); and (v) equity weighed in favor of a finding for Appellees because they had sought the permission of the Trustee prior to disposing of the Personal Property (*id.* at R378.)

On appeal, Appellant maintains that the bankruptcy court's decision erred in four respects.  *First*, the bankruptcy court failed to comply with its duty to award actual damages to "an individual injured by any willful violation of a stay" under 11 U.S.C. § 362(k) and erroneously found that Appellant lacked standing to seek such damages.  (Appellant's Br. at 8, 28, ECF No. 4.)  *Second*, the bankruptcy court incorrectly applied the doctrine of res judicata in

9

dismissing Appellant's claim as to the improper disposal of the Personal Property.  (*Id.* at 25–
26.)  *Third*, the bankruptcy court failed to apply the proper standard of review for a Rule 12(b)(6)
motion to dismiss because it did not draw all reasonable inferences in favor of Appellant and
improperly considered facts outside of the pleadings, warranting conversion of the motion to a
motion for summary judgment under Federal Rule of Civil Procedure 12(d).  (*Id.* at 16, 21.)
*Fourth*, the bankruptcy court ignored his cause of action for spoliation of evidence.  (*Id.* at 30.)

I.    **Violation of the Automatic Stay**

The commencement of a bankruptcy proceeding creates a bankruptcy estate that includes
all property in which the debtor has a legal or equitable interest as of the commencement of the
case.  11 U.S.C. § 541(a).  As a result, "[a]ll rights held by a debtor in the property are
extinguished, unless the property is exempted from the estate under 11 U.S.C. § 522 or
abandoned back to the debtor under 11 U.S.C. § 554."  *In re Hopkins*, 346 B.R. 294, 303 (Bankr.
E.D.N.Y. 2006); *see also In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) ("[P]roperty
deemed exempt from a debtor's bankruptcy estate revests in the debtor." (citation omitted)); *In
re Arana*, 456 B.R. 161, 169–70 (Bankr. E.D.N.Y. 2011) ("a debtor's rights to estate assets "are
extinguished unless the asset is abandoned back to the debtor [by the trustee]." (quoting *Parker
v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004)).  The commencement of a
bankruptcy case also automatically stays various actions, including "any act to obtain possession
of property of the estate or of property from the estate or to exercise control over property of the
estate."  11 U.S.C. § 362(a)(3).  "[T]he stay of an act against property of the estate under
subsection (a) of [11 U.S.C. § 362] continues until such property is no longer property of the

10

estate[.]" *Id.* § 362(c)(1).  "[T]he stay of any other act under subsection (a) of [11 U.S.C. § 362] continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 . . . the time a discharge is granted or denied[.]" *Id.* § 362(c)(2).  Of particular relevance here, "[o]nly the Chapter 7 trustee may administer property of the estate, including bringing actions on behalf of the estate." *In re Arana*, 456 B.R. 161, 169– 70 (Bankr. E.D.N.Y. 2011) (citing 11 U.S.C. §§ 323, 704).  As such, any claim for a violation of the stay as to the property of the estate, including a claim for damages under 11 U.S.C § 362(k), belongs to the Chapter 7 Trustee, not the debtor.  *See In re Caffey*, No. 13-31259, 2014 WL 3888318 (Bankr. N.D. Ohio Aug. 8, 2014) (holding that bankruptcy court erred in awarding damages, including attorney's fees, to debtors under 11 U.S.C. 362(k), where debtors had no ownership interest in the property at issue, because it was property of the estate).[8]

Appellant challenges the bankruptcy court's conclusion that the disposal of the Personal Property did not violate the automatic stay.  (Appellant's Br. at 8, 28.)  The bankruptcy court held that Appellant's 11 U.S.C. § 362(k) claim failed for two reasons.  *First*, the bankruptcy court held that the November 9, 2010 approval of Appellant's waiver of discharge from liability on his debts[9] operated to terminate the automatic stay.  (Oct. 1, 2020 Tr. at R377.)  Therefore,

---

[8] *See also In re Najafian*, No. 09–18112, 2010 WL 1840300, at *2 (Bankr. E.D. Va. May 5, 2010) ("Since at this point the automatic stay exists solely to protect the bankruptcy estate, the only party with standing to oppose the motion is the chapter 7 trustee."), *subsequently aff'd sub nom. Najafian v. Cap. One N.A.*, 426 F. App'x 191 (4th Cir. 2011); 11 U.S.C. §§ 541(a), (c)(2) (debtor's legal and equitable interests in property becomes property of the estate).

[9] "The Bankruptcy Code provides for a debtor's discharge from liability on his debts, unless the debtor . . . obtains approval by the court of a written waiver of discharge." *In re Asbury*, 423 B.R. 525, 528 (B.A.P. 8th Cir. 2010) (citing 11 U.S.C. § 727(a)).

according to the bankruptcy court, the destruction of the Personal Property, which allegedly occurred after the waiver, could not have violated the automatic stay, because the automatic stay had been terminated.  (*Id.*)  *Second*, the bankruptcy court held that to the extent Appellant argued that Appellees' actions violated the stay as to property of the estate, Appellant lacked standing to bring such a claim.  (*Id.*)  Thus, the bankruptcy court held that Appellant's claim for damages under 11 U.S.C. § 362(k) was without merit.  The Court agrees, in part.

A bankruptcy court's approval of a waiver of discharge operates to terminate the stay as to any act under 11 U.S.C. § 362(a) other than an act against property of the estate.  *See Red River Res., Inc. v. Collazo*, No. 14-CV-04961-JCS, 2015 WL 1846498, at *7 (N.D. Cal. Apr. 8, 2015) ("A bankruptcy court's approval of a debtor's post-petition waiver of discharge has the same effect as denying the debtor discharge."); *Smith v. Comm'r*, 96 T.C. 10, 16 (T.C. 1991) (finding that the automatic stay was terminated when the bankruptcy court approved the terms of the settlement, thereby accepting the debtor's waiver of his right to a discharge); *In re Kretzer*, 48 B.R. 585, 588 (Bankr. D. Nev. 1985) (repossession of debtor's truck did not violate the automatic stay because the truck was exempted and therefore not property of the estate, and the stay was lifted as to acts against debtor's property when debtor was granted discharge); *see also* 11 U.S.C. § 362(c)(2)(c).  The automatic stay as to acts against property of the estate, however, does not terminate until such property is no longer property of the estate.  *See* 11 U.S.C. § 362(c)(1).  Accordingly, the bankruptcy court's approval of Appellant's waiver of discharge did not terminate the automatic stay as to acts against the Personal Property, because the

Personal Property remained property of the estate.[10]  To the extent that the bankruptcy court found otherwise, the bankruptcy court erred.

Appellant's claim for damages under 11 U.S.C. § 362(k) nevertheless fails for the alternate reason set forth by the bankruptcy court.  Because the alleged violation of the automatic stay was against property of the estate, not property of the debtor, Appellant lacks standing to seek damages.  *See In re Bertka*, No. 09-13893-SSM, 2010 WL 2756964, at *1 (Bankr. E.D. Va. July 12, 2010) ("The trustee . . . is the representative of the estate, and normally a debtor does not have standing to oppose relief from the stay with respect to the estate's interest in the property."). This is so, because Appellant did not have any ownership or possessory interest in the property and therefore could not have been injured by the alleged violation of the stay.  *See, e.g.*, *In re Mwangi*, 764 F.3d at 1177 (holding, first, that debtors had no right to possess or control the funds during the period that the funds were property of the estate and thus failed to allege a plausible injury based on the "freezing" of the accounts, and, second, that after the funds revested in debtors, the funds were no longer property of the estate and thus no longer subject to § 362(a)(3)).  Assuming, without deciding that any portion of the Personal Property reverted to Appellant at the end of the Bankruptcy Proceeding, Appellant still would not have a cause of action under 11 U.S.C. § 362(k).  Because the bankruptcy court's approval of Appellant's waiver

---

[10]  Appellant is correct that the Trustee did not abandon the Personal Property, because he did not follow the required procedures for abandonment.  (Appellant's Br. at 15.)  Such procedures require notice and a hearing.  *See* 11 U.S.C. 554(a).  Furthermore, the bankruptcy court's reliance on extraneous materials as evidence of abandonment was improper.  And, as Appellant notes, the email on which the bankruptcy court relied addressed only a small portion of the Personal Property on which Appellant's conversion claim is based.  (Appellant's Br. at 11.)

of discharge operated to terminate the automatic stay as to acts other than acts against property of the estate, if the Personal Property reverted to Appellant and was thus no longer property of the estate, it was no longer shielded by the protection of the automatic stay.  Accordingly, there is no scenario in which Appellant has standing to assert a claim for violation of stay.  The bankruptcy court's denial of Appellant's claim for damages under 11 U.S.C. § 362(k) must be affirmed.[11]

## II.   Tort Claims

In the Adversary Proceeding, Appellant also asserted a tort claim based on Appellees' alleged improper disposal of Personal Property located at the Premises.[12]  The bankruptcy court dismissed Appellant's claim as barred by the doctrine of res judicata, because, according to the

---

[11]  The bankruptcy court alternatively held that (i) that even if Appellant had standing to challenge the automatic stay, the trustee explicitly gave Appellees permission, via email, to dispose of the Personal Property and (ii) that equity weighed in favor of a finding for Appellees because they had sought the permission of the Trustee prior to disposing of the Personal Property.  (Oct. 1, 2020 Tr. at R377–78.)  In so holding, the Bankruptcy court relied on Exhibit E to Appellees' motion—a December 21, 2011 email purportedly sent to Appellees from someone at the Trustee's law firm, giving Appellees permission to dispose of certain Personal Property located at the Premises. (Appellant's Br. at 19; Oct. 1, 2020 Tr. at R377–76 ("And even if the [Appellant] had standing . . . the trustee explicitly gave [Appellees] permission to dispose of the [P]ersonal [P]roperty on the [P]remises via email. See motion to dismiss Exhibit E."))  Accordingly, [Appellant's] claim is not plausible in this respect.").)  As Appellant correctly argues, reliance on such document is improper in ruling on a 12(b)(6) motion to dismiss.  When ruling on a Rule 12(b)(6) motion to dismiss, the Court "confine[s] its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999).  When the court considers a document that does not fall into any these categories, and the court does not exclude it, the motion is required to be treated as one for summary judgment. *Id.* at 152.  This requirement shall be "strictly enforced whenever a district court considers extra-pleading material in ruling on a motion to dismiss." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 108 (2d Cir. 2021) (quotation omitted).  Accordingly, the bankruptcy court's order is vacated as to these alternate holdings.  This does not, however, change the outcome as to the bankruptcy court's other conclusions, which did not rely on extraneous documents.  *See United States ex rel. Foreman*, 19 F.4th at 126–27 (vacating and reversing district court's order with respect to claim for which district court improperly relied on documents outside the pleadings and affirming dismissal of plaintiff's other claims on the merits); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (district court's reference to letter attached to defendant's motion to dismiss was not erroneous where court did not rely on letter as a basis for its decision, but simply "referred to it for background").

[12]  Although not specified on the record, the bankruptcy court appears to have construed Appellant's claim as to the improper destruction of Personal Property as a tort claim separate from the alleged violation of the automatic stay.  Certainly, construing the complaint liberally would support such an interpretation.

bankruptcy court, Appellant should have raised the claims in the Foreclosure Action, but did not. (Oct. 1, 2020 Tr. at R375–76.)

### A.  Improper Disposal of Personal Property

"The doctrine of res judicata precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter.'" *Josey v. Goord*, 880 N.E.2d 18, 20 (N.Y. 2007).  "A court may dismiss a claim on res judicata . . . grounds on a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011).  When a defendant raises a res judicata defense on a Rule 12(b) or 12(c) motion, a court may consider dismissal "where all the relevant facts are set forth in the complaint and in matters of which the [c]ourt may take judicial notice." *Nash v. Bd. of Educ. of the City of New York*, No. 99 CIV. 9611, 2016 WL 5867449, at *4 (S.D.N.Y. Sept. 22, 2016) (citation omitted); *see also Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 53 (2d Cir. 2008)  ("When a defendant raises the affirmative defense of res judicata . . . and it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law, dismissal under [Rule] 12(b)(6) is appropriate." (quotation marks and citation omitted)).  "[T]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment[.]" *Id.* (quotation marks and citation omitted).

Federal courts must apply the res judicata doctrine of the state in which the state court judgment was granted.  *See Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir.

1994) ("[A] state court judgment has the same preclusive effect in federal court as the judgment would have had in state court.  Accordingly, [courts] must determine what preclusive effect a New York state court would give [the] proceeding.").  Here, because the prior decision relied upon by the bankruptcy court was rendered by a New York state court, New York's res judicata doctrine governs.  "In New York, 'res judicata . . . bars successive litigation [of all claims] based upon the same transaction or series of connected transactions ... if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was.'" *Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.,* 894 N.E.2d 1, 12 (N.Y. 2008)); *see also Almazon v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 19-CV-4871, 2020 WL 1151313, at *11 (S.D.N.Y. Mar. 9, 2020), appeal dismissed (Aug. 4, 2020) ("Plaintiff's claims are barred by res judicata if they arose out of the same 'transaction or series of transactions' as the Foreclosure Action, and were (or could have been) litigated in that proceeding.").

The bankruptcy court held, and Appellees urge this Court to find, that Appellant's current claim for the improper disposal of the Personal Property is barred by the doctrine of res judicata because the claim could and should have been raised in the Foreclosure Action.  (Oct. 1, 2020 Tr. at R376.)   But Appellant's failure to raise the tort claim in the Foreclosure Action would not trigger the doctrine of res judicata.  "[B]ecause New York does not have a compulsory counterclaim rule, a defendant who fails to assert a counterclaim is not barred by the doctrine of res judicata from subsequently commencing a new action on that claim unless the claim would

impair the rights or interests established in the first action[.]" *Wax ex rel. Wax v. 716 Realty, LLC*, 58 N.Y.S.3d 83, 86 (N.Y. App. Div. 2017); *see also Cousins v. Duane St. Assocs.*, 7 F. App'x 85 (2d Cir. 2001) ("Only compulsory, and not permissive, counterclaims are subject to res judicata."); *Evans v. Select Portfolio Servicing, Inc.*, No. 18CV5985, 2020 WL 5848619, at *6 (E.D.N.Y. Sept. 30, 2020) ("New York's permissive counterclaim rule preserves the right of a party to bring a claim that it could have brought as a counterclaim in a prior action, as long as doing so would not impair the rights or interests established in the first action." (citing *Guido v. Wells Fargo Bank, N.A.*, No. 16-CV-1568, 2017 WL 5515859, at *3 (S.D.N.Y. Mar. 21, 2017))), *aff'd*, 699 F. App'x 54 (2d Cir. 2017)).   In other words, "the exception to New York's permissive counterclaim rule bars a subsequent lawsuit that amounts to 'an attack on a judgment' previously issued by the state court." *Dolan v. Select Portfolio Serv., Inc.*, No. 13-CV-1552, 2014 WL 4662247, at *4 (E.D.N.Y. Sept. 18, 2014); *see also Sweet Constr., LLC v. Wallkill Med. Dev., LLC*, 965 N.Y.S.2d 145, 146 (App. Div. 2013) (res judicata did not bar action where there was no adjudication in a prior action between the parties of the plaintiff's claims and the claims asserted would not impair defendants' rights that were established in the prior action).

Here, the Judgment of Foreclosure and Sale established that Appellant is "barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the [Premises] and each and every part thereof" and Appellees were awarded a deficiency judgment in the sum of $1,176,871.60.  (J. of Foreclosure and Sale at R205, Deficiency J. at R220–21).  Appellees argue that because the Personal Property was located within the foreclosed upon Premises, Appellant's

tort claim arises from the same transaction as the facts underlying the Foreclosure Action.[13]

(Appellees' Br. at 11, ECF No. 5.)  A mortgage foreclosure action arises from contractual

obligations relating to real property.  Accordingly, only claims that arise out of the making of the

agreement, the foreclosure on the Premises, and enforcement of the note and mortgage are barred

under the doctrine of res judicata.  *See In re Moise*, 575 B.R. 191, 203 (Bankr. E.D.N.Y. 2017)

(res judicata applied where "[a]ll of [p]laintiff's claims [arose] out of the same transaction that

was the subject of the Foreclosure Litigation: specifically, the foreclosure and enforcement of the

note and mortgage.").  A claim for a tort against personal property unsecured by the mortgage

and therefore not the subject of the foreclosure, does not, as a matter of law, arise from the

foreclosure and enforcement of the note and mortgage.  *Cf. Pantoja v. Banco Popular*, No. 11

CV 3636, 2012 WL 4069297, at *4 (S.D.N.Y. Aug. 9, 2012) (tort causes of action arising out of

a mortgage and damage to the mortgaged real property were barred by res judicata because they

arose out of the same factual grouping surrounding the previous foreclosure action), *aff'd*, 545 F.

App'x 47 (2d Cir. 2013).  Here, Appellant's tort claim for the destruction of the Personal

Property does not seek to impair the rights or interests established in, or otherwise attack, the

judgments issued in the Foreclosure Action.  Instead, Appellant seeks damages relating to the

improper disposal of the Personal Property.  Contrary to the bankruptcy court's ruling,

---

[13] A finding that Appellant's tort claim for the destruction of the Personal Property arises from the same transaction or occurrence as the Foreclosure Action is at tension with the bankruptcy court's bifurcation of the motion underlying this appeal.  Such bifurcation only serves to demonstrate that the Personal Property tort claim does not arise from the same transaction or series of transactions as the mortgage foreclosure proceeding.  Furthermore, the case on which the bankruptcy court relied in reaching its determination, *In re Buckskin Realty Inc.*, No. 1-13-40083, 2016 WL 5360750, at *6–7 (Bankr. E.D.N.Y. Sept. 23, 2016), is inapposite.  None of the claims raised in that action is analogous to the tort claim Appellant raises here.

Appellant's tort claim is not barred under the doctrine of res judicata. This is so because Appellees have not met their burden of showing that the claim arises from the same transaction or series of transactions as the underlying conduct in the Foreclosure Action.[14]

However, even if the claim is not barred by the doctrine of res judicata, it is not entirely clear whether Appellant may assert a claim as to the Personal Property in any event. When a bankruptcy case is closed, any "correctly scheduled property not otherwise administered by the trustee is abandoned to the debtor." *In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011) (quoting *Lopez v. Specialty Rests. Corp. (In re Lopez)*, 283 B.R. 22, 31 (9th Cir. BAP 2002) (Klein, J., concurring)). "While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the

---

[14] Although Appellant maintains in his complaint that he did raise the destruction of the Personal Property as both an affirmative defense and counterclaim in the foreclosure proceeding, Appellees do not point to this as a basis for invoking the doctrine of res judicata. (Compl. at R26–27, R57–59 (excerpting affirmative defenses from his Answer in the Foreclosure Action and alleging that he requested that the affirmative defenses also be deemed counterclaims); Appellees' Br. at 10–11.) In any event, there is no indication that such affirmative defense or counterclaim was actually litigated or decided on the merits. Certainly, the judgments submitted by Appellees do not so indicate. (*See* J. of Foreclosure and Sale at R199–206; Deficiency J. at R219–22.) Moreover, Appellant argued at the May 11, 2017 hearing that the New York State court referee was unable to make a finding with respect to the counterclaim as to the destruction of the Personal Property because Appellant was unable to attend the hearing due to his incarceration, but the state court nevertheless granted the judgment of foreclosure. (May 11, 2017 Tr. at R260–61.) Even assuming that the state court disposed of Appellant's tort allegations in this way, "a dismissal 'without prejudice' lacks a necessary element of res judicata—by its terms such a judgment is not a final determination on the merits[.]" *Landau v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N.Y. 2008). Thus, absent any showing by Appellees that the tort claim was raised and adjudicated on the merits in the prior action, Appellant's tort claims is not barred by the doctrine of res judicata. *See, e.g.*, *Bell v. Deutsche Bank*, No. 18-CV-01593, 2019 WL 4917901, at *6 (E.D.N.Y. Sept. 30, 2019) (plaintiff's tort and General Business Law claims not barred by res judicata where it was not "entirely clear" that state court had considered them in denying plaintiffs' motion for an order to show cause in the foreclosure action, or that raising them in subsequent action would amount to an improper attack on the foreclosure judgment). Thus, even if Appellees had raised such an argument, they could not meet their burden of "showing with clarity and certainty" that res judicata applies. *See Austin*, 270 F. App'x at 53.

case, undisclosed assets automatically remain property of the estate after the case is closed."
*Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008).

Here, the Personal Property became part of the bankruptcy estate at the initiation of the
Bankruptcy Proceeding.  There is no indication, and Appellant does not allege, that the Personal
Property was exempt.  And, as Appellant correctly argues, the Trustee did not properly abandon
the Personal Property.  *See In re Mejia*, 576 B.R. 464, 469 (Bankr. S.D.N.Y. 2017)
("[p]roperty—inconsequential value or not—remains property of the estate until abandoned in
one of the three ways permitted by section 554 of the Bankruptcy Code").  Rather, Appellant
alleges repeatedly that the Personal Property was property of the estate at the time of the alleged
conduct.  (Compl. at R19, R32, R41; Appellant's Reply Br. at 2, 4, ECF No. 6.)  Based on
Appellant's own concessions, any claim for the improper disposal of the Personal Property could
only have been brought by the Trustee during the pendency of the Bankruptcy Proceeding.  *See
In re Granite Partners, L.P.*, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996), *as corrected* (Apr. 16,
1996) ("If the cause of action belongs to the estate, the trustee has exclusive standing to assert
it[.]"); *see also In re Sia*, 349 B.R. 640, 655 (D. Hawai'i 2006) (finding that Chapter 7 Trustee
had standing to sue for post-petition injury to bankruptcy estate, because the property of the
bankruptcy estate belongs to the Trustee, not the debtor).

That said, Appellant's submissions may be read to argue that the Personal Property was
not properly administered as part of the bankruptcy estate and thus reverted to him at the close of
the Bankruptcy Proceeding.  (Appellant's Br. at 14, 29 (citing 11 U.S.C. § 554(c) ("Unless the
court orders otherwise, any property . . . not otherwise administered at the time of the closing of

the case i s abandoned to the debtor.").)  If, in fact, the Personal Property was not properly

administered, it and any attendant causes of action may indeed have reverted to Appellant.  This

is an issue for the bankruptcy court to determine.  Accordingly, the bankruptcy court's order with

respect to the disposal of the Personal Property is vacated and remanded for a determination as to

whether Appellant has a valid tort claim (and if so, the appropriate next steps in relation to the

Bankruptcy Proceeding).

### B.  Spoliation

Appellant correctly argues that the bankruptcy court ignored his cause of action for

spoliation of evidence.  (Appellant's Br. at 30.)  Appellant alleged that Appellee Thomas Perkins

engaged in the negligent or willful destruction of evidence relating to the state court foreclosure

proceeding, the Bankruptcy Proceeding, and a federal civil case, *Barry v. Securities and

Exchange Commission*, 10-cv-4071 (E.D.N.Y.).  (Complaint at R22–23.)  New Yok does not

recognize negligent spoliation of evidence as an independent tort claim.  *See Ortega v. City of

New York*, 876 N.E.2d 1189, 1197 (N.Y. 2007) (no independent tort of third-party negligent

spoliation of evidence is cognizable in New York); *Hillman v. Sinha*, 910 N.Y.S.2d 116, 117

(App. Div. 2010) (holding that an independent tort of first-party negligent spoliation is not

cognizable in New York).  However, allegations of intentional spoliation of evidence may form

the basis of a claim for fraudulent concealment or fraudulent misrepresentation under New York

state law.  *See IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 882 N.Y.S.2d 60, 61 (App. Div.

2009) (holding that intentional spoliation of evidence may be the basis for fraudulent

concealment or fraudulent misrepresentation claims).  As it stands, there is no decision on

21

Appellant's spoliation claim for this Court to review in its appellate capacity.  The bankruptcy court should consider Appellant's spoliation claim on remand.

**CONCLUSION**

For the foregoing reasons, the bankruptcy court's October 7, 2020 Order granting Appellees' motion to dismiss is AFFIRMED in part and VACATED and REMANDED in part. The Court affirms the dismissal of Appellant's claim for damages under 11 U.S.C. § 362(k), vacates the bankruptcy court's dismissal of Appellant's tort claim arising from the improper disposal of the Personal Property, and remands for consideration of Appellant's tort claims for the improper disposal of the Personal Property and spoliation consistent with this Memorandum and Order.

                                                    SO ORDERED.

Dated: Brooklyn, New York                 /s/ LDH_____
          March 31, 2022                          LASHANN DEARCY HALL
                                                    United States District Judge